## PAROL EVIDENCE IN EXPLANATION OF CIRCUMSTANCES SURROUNDING A CONTRACT.

Circuit Court of Cuyahoga County.

THE CHEBOYGAN DREDGE & DOCK COMPANY v. L. P. & J. A. SMITH, PARTNERS.

Decided, February 16, 1903.

*Parol Evidence—Custom Among Contractors Admissible.*

In an action brought by a sub-contractor to recover an amount claimed to be due under a written contract, parol evidence of a custom among contractors by which the sub-contractor assumes the burden of providing board, conveyances, etc., for agents, engineers and surveyors of the one for whom the principal contractor is doing the work, is admissible in evidence, not to vary the written contract, but to explain the surrounding facts and circumstances under which the contract was made.

*A. W. Lamson*, for plaintiff in error.
*Goulder, Holden & Masten*, contra.

HALE, J.; WINCH, J., and MARVIN, J., concur.

Error to court of common pleas.

On the 31st day of December, 1892, the defendants entered into a contract with the United States, whereby they undertook to excavate a ship channel of a certain depth, at the mouth of the Detroit river. The contract contains specific specifications

as to the work to be done and the manner in which it was to be done, and, among other things, contains the following:

"The order of the work will be determined by the United States agent in charge, and his instructions shall be observed by the contractor and his employees. When required by the U. S. agent in charge, the contractor shall, without additional compensation, furnish all necessary labor, materials and appliances for placing and replacing suitable stakes and buoys for use in making surveys for estimates, and for marking the channel. He shall also, without additional compensation, furnish the use of a tug when needed for towing the sounding rafts or scows, conveying engineers, inspectors, and other employees of the United States, and generally for all purposes connected with the inspection and supervision of the work. When required by the U. S. engineer in charge, all agents or inspectors of the United States employed on or about the work shall have meals and sleeping accommodations furnished by the contractor at a reasonable price, approved by the U. S. engineer in charge, and paid for by the United States."

On or about the 15th of March, 1894, the defendants entered into a contract with the plaintiffs as follows:

"MEMORANDUM OF AGREEMENT Made this 15th day of March, A. D. 1894, by and between L. P. & J. A. Smith, party of the first part, and the Cheboygan Dredge & Dock Company, party of the second part.

"WITNESSETH: That the party of the second part hereby agrees to dig and remove, for the said party of the first part, three hundred and fifty thousand (350,000) cubic yards of material from what is known as Bar Point, being 'The Eighth Section of the Ship Channel 20 and 21 feet deep, connecting waters of the Great Lakes between Chicago, Duluth & Buffalo.' The aforesaid excavation is to be made in conformity with the contract said party of the first part have with the United States Government under date of December 31st, 1892, for the excavation and removal of material from said eighth section of said ship channel.

"Said party of the second part is to commence digging on or before the fifteenth day of May, 1894, and to continue working with at least one dredge, until the whole quantity herein specified has been excavated in accordance with the afore-mentioned contract.

"For the above work party of the first part is to pay the party of the second part at the rate of sixteen (16) cents per cubic

yard, scow measurement.   Said payments to be made in accord-
ance with the estimates furnished by the United States Govern-
ment, and as soon as said party of the first part receive pay for
same.

"Party of the second part hereby agrees to abstain from doing
any work in Cleveland or vicinity, and further, agrees to abstain
from assisting anyone else, to do any work in Cleveland or
vicinity.

"IN WITNESS WHEREOF, we have hereunto set our hands and
seals the day and year first above written.
                                    "L. P. & J. A. SMITH,
                                    "THE CHEBOYGAN DREDGE AND DOCK CO.,
                                                    "By CONRAD STARKE."

This action was prosecuted in the court of common pleas by
the plaintiff in error to recover of the defendants a sum claimed
to be due it under *this* last contract and for work performed
thereunder.

The defendants in error denied that there was any amount
due the plaintiff at the time of the commencement of the. action.
The *real* controversy between the parties was, whether or not
the plaintiff in error should bear its proportion of the expenses
provided for in the specifications above quoted, which the de-
fendants in error agreed, in its contract with the United States,
to bear.   The contract between the plaintiffs and the defendant
did not specifically provide upon that subject, and, on the trial,
evidence was offered, and permitted to go to the jury over the
objections of the plaintiff in error, tending to show a custom
between contractors and sub-contractors to the effect that the
sub-contractor should bear the proportion of such expenses
which the work performed by the sub-contractor bore to the en-
tire work to be done.

The bill of exceptions does not contain *all* the testimony of-
fered on the trial.   It is insisted, however, that the court erred
in permitting this testimony to go to the jury: first, on the
ground that no custom was pleaded by the defendant; and sec-
ond, that a contract can not be varied or added to by the proof
of such custom.   For the purpose for which this custom was
sought to be established by the evidence, it is quite clear that it
was not essential that it be pleaded.   It is also clear that if its

purpose was simply to vary or add to the written contract, it would be incompetent; but such was not its purpose.

It was competent to bring before the jury the circumstances surrounding the parties and the conditions under which the contract was made, and to enable the jury to rightfully interpret the contract signed by the parties.

Without attempting to recite the authorities cited by the parties upon *this* proposition, most of which have been reviewed by us, we hold that this testimony for the purposes for which it was offered, was competent and that there was no error in its admission. Possibly, some of the questions submitted were somewhat objectionable, but, in that regard, we see no substantial error for which the judgment should be reversed. These results apply to *all* objections made to the testimony offered upon this subject.

There was no substantial error for which the judgment should be reversed, in the rulings of the court upon the admission or exclusion of evidence and, if this evidence was competent, the charge of the court was unobjectionable and fairly covered the issues submitted upon this point.

Whether the testimony offered and permitted to go to the jury, was sufficient to establish the custom claimed by the defendants in error with such certainty as to be available to them, is not now before the court, as the bill of exceptions does not contain the entire testimony.

There was no error in giving to the defendants in error under the issues, the opening and closing of the case on the trial.

This case has been twice tried before the court of common pleas, with the same ruling of the trial court as to the competency of this evidence; and even if it were doubtfully competent, we believe it better that this should be determined finally by the Supreme Court before further expense is made in the trial of the case.

It would seem that the whole merits of the case turn upon the proposition made, and the rights of the parties will be finally determined when the Supreme Court has settled the competency of this testimony.

The judgment of the court of common pleas is affirmed.